**Opinion issued April 30, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-22-00744-CR**

———————————

**QUINN ANTHONY NAVARRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1594324**

---

## MEMORANDUM OPINION

Appellant, Quinn Anthony Navarre, pleaded guilty to the offense of violation of a protective order and, in accordance with a plea bargain, the trial court placed Navarre on six years of deferred adjudication community supervision. On May 23, 2022, the State filed its second amended motion to adjudicate guilt on grounds that

Navarre violated terms of his community supervision. On October 10, 2022, the trial court signed a judgment adjudicating Navarre guilty of the offense and sentencing him to four years in the Correctional Institutions Division of the Texas Department of Criminal Justice.

On appeal, Navarre's appointed counsel filed a motion to withdraw, along with a brief, stating that the record presents no reversible error, and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *Id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Navarre of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Navarre of his right to file a pro se response to the *Anders* brief. Counsel sent Navarre the clerk's record and four volumes of the reporter's record. Navarre filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds

for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court determines whether appeal is wholly frivolous or if arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Nicholas Mensch must immediately send Navarre the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

3